## IN THE SUPERIOR COURT OF PIERCE COUNTY
## STATE OF GEORGIA

JOHN JAMES
d/b/a ROW EQUIPMENT, INC.          )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )       CIVIL ACTION NO: 16-171-CA
                                   )
TEREX CORPORATION,                 )
                                   )       Filed in office this  16th  day of
    Defendant.                     )       June          2016

Nelum A Howard clof deputy
Clerk of Superior/State/Juvenile Court,
Pierce County, GA

## COMPLAINT FOR DAMAGES

**COMES NOW**, John James d/b/a Row Equipment, Plaintiff in the above-styled matter,

and brings this Complaint for Damages against the Defendant Terex Corporation, Inc. and

respectfully shows the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Row Equipment is a Georgia corporation doing business in Georgia with its

    principal office in Pierce County, Georgia.

2.     Plaintiff John James is a citizen and resident of Pierce County, Georgia.

3.     Terex Corporation is a corporation service company and can be served with process at 40

    Technology Parkway South Suite 300, Gwinnett, Norcross, GA, 30092.

4.     Jurisdiction and venue are proper in this Court. Among other things, the General Purchase

    Order Terms and Conditions between Row Equipment and Terex Corporation provide for

    exclusive jurisdiction and venue in the state and federal courts of Georgia.

5.     At all material times, Terex Corporation was authorized to do business in the State of

    Georgia, having continuously and systematically conducted business on a regular basis in the

State of Georgia.

6.   Exercise of Personal Jurisdiction against Terex Corporation is consistent with Due Process because said Terex Corporation has purposely availed itself of the state by selling its machines in Georgia, in this case specifically, Pierce County, and engaging in direct and indirect adverting and marketing in Georgia.

## II. FACTUAL ALLEGATIONS

7.   Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully alleged herein.

8.   In 2012, Defendant manufactured a Terex Woodsman Biomass Chipper 430TL machine for the Plaintiff (Chipper 1).

9.   The Chipper 1 has mechanical issues, including but not limited to, a broken: left track, flap chute, and grapple, and a defective yoke.

10.  Terex Corporation was aware that there were mechanical issues with Chipper 1 and assured the Plaintiff that it will repair these issues. However, Terex Corporation has failed to repair the issues.

11.  In 2014, Defendant manufactured and designed another Terex Woodsman Biomass Chipper 430TL machine (Chipper 2) for the Plaintiff.

12.  Chipper 2 is also defective. Chipper 2 will engage on its own without an operator in the cab.

13.  Chipper 2 also has electrical problems, including, but not limited to, a defective radio and camera in the cab and a defective squirt boom.

14.  Terex Corporation was aware that there were mechanical and electrical issues with Chipper 2 and assured the Plaintiff that it will repair these issues. However, Terex Corporation has failed to repair the issues; or for that matter attempted the same.

15.   Defendant Terex Corporation was aware that the Chippers continuously had mechanical failures. Notwithstanding, Defendant Terex failed to correct the mechanical failures.

16.   As a result of the manufacturing and design defects, Plaintiff has suffered from loss of revenue, loss of current and future business. Additionally, Row Equipment purchased machines, which are in fact worth hundreds of thousands of dollars less than it should be because the machines are defective.

### III.  CAUSES OF ACTION
### COUNT I.
### BREACH OF CONTRACT

17.   The Plaintiff incorporates by reference all preceding paragraphs as if they were fully set forth herein and further alleges the following.

18.   Terex Corporation had a contractual agreement with Row Equipment to manufacture and maintain the Chippers.

19.   Terex Corporation failed to adequately manufacture and maintain the Chippers.

20.   Upon information and belief, Terex Corporation had notice that the Chipper had electrical and mechanical issues. Notwithstanding, Terex Corporation failed repair the electrical and mechanical problems.

21.   As a direct and proximate result of Defendant Terex Corporation's breach of contract, Plaintiff Row Equipment sustained  loss of revenue, loss of current and future business. Additionally, Row Equipment purchased machines, which are in fact worth hundreds of thousands of dollars less than it should be because the machines are defective.

### COUNT II - NEGLIGENT DESIGN

22.   The Plaintiff incorporates by reference all preceding paragraphs as if they were fully set forth herein and further alleges the following.

23.    The Chippers in question was designed, manufactured, constructed, and assembled by

Defendant Terex Corporation.

24.    Defendant promised the plaintiff that it would provide new parts for the machine due to the negligent design.

25.    Defendant Terex has failed on its promise to correct these defects on the machines.

26.    As a direct and proximate result of Defendant Terex Corporation's negligent design, Plaintiff has suffered from loss of revenue, and loss of current and future business. Additionally, Row Equipment purchased machines, which are in fact worth hundreds of thousands of dollars less than it should be because the machines are defective.

## COUNT III -NEGLIGENT MANUFACTURING

27.    The Plaintiff incorporates by reference all preceding paragraphs as if they were fully set forth herein and further alleges the following.

28.    The subject Chippers in question was designed, manufactured, constructed, and assembled by Defendant Terex Corporation.

29.    As the manufacturer of the subject Chippers, Defendant Terex Corporation has a general duty under Georgia law to exercise reasonable care in manufacturing its products so as to make products that are reasonably safe for intended or foreseeable uses.

30.    Defendant Terex Corporation breached its duty of care by failing to observe that degree of care, precaution, and vigilance, which the circumstances demand because Defendant Terex Corporation manufactured the subject Chippers with a defective parts, including but not limited to a defective yoke, squirt boom, and joysticks.

31.    As a direct and proximate result of Defendant Terex Corporation's breach of the applicable duty of care it owed to Plaintiff, Plaintiff Row Equipment sustained loss of revenue, loss of current and future business. Additionally, Row Equipment purchased machines, which are

in fact worth hundreds of thousands of dollars less than it should be because the machines are defective.

## COUNT IV - BREACH OF EXPRESS WARRANTIES

32. The Plaintiff incorporates by reference all preceding paragraphs as if they were fully set forth herein and further alleges the following.

33. Upon information and belief, Defendant Terex Corporation made express warranties to Plaintiff to provide Chippers for use in Plaintiff's business.

34. Upon information and belief, said warranties obligated Defendant Terex Corporation to make available Chippers in good and safe conditions for their intended and usual use.

35. Upon information and belief, Defendant Terex Corporation breached its express warranties upon delivering a defective Chippers to Plaintiff at all times relevant herein.

36. As a direct and proximate result of Defendant Terex Corporation's breach of the applicable express warranties, Plaintiff has suffered from loss of business loss of revenue, loss of current and future business. Additionally, Row Equipment purchased machines, which are in fact worth hundreds of thousands of dollars less than it should be because the machines are defective.

## COUNT V - BREACH OF IMPLIED WARRANTIES

37. The Plaintiff incorporates by reference all preceding paragraphs as if they were fully set forth herein and further alleges the following.

38. Pursuant to O.C.G.A. § 11-2A-212, a warranty that goods will be merchantable is implied in a purchase contract if the purchaser is a merchant with respect to goods of that kind.

39. Defendant Terex Corporation is a merchant of Chippers.

40. As such, Defendant Terex Corporation was obligated, under its agreement with Plaintiff Row

Equipment to provide Chippers that are merchantable.

41.  Defendant Terex Corporation breached said implied warranty by providing Plaintiff Row Equipment with Chippers that was not merchantable.

42.  As a direct and proximate result of Defendant Terex Corporation's breach of the applicable implied warranties, Plaintiff has suffered from loss of revenue, loss of current and future business. Additionally, Row Equipment purchased machines, which are in fact worth hundreds of thousands of dollars less than it should be because the machines are defective.

## COUNT VI -FRAUDULENT INDUCEMENT

43.  The Plaintiff incorporates by reference all preceding paragraphs as if they were fully set forth herein and further alleges the following.

44.  Terex Corporation made a false representation or concealment of material fact, with knowledge of falsity or concealment at the time of the representation or concealment. Among other things, about a year ago, Matt Sanders, employee and agent of Defendant Terex Corporation, assured Plaintiff that it would design and build a new yoke and replace it on the machine due to design defects.

45.  By way of misrepresentation and concealment, Terex Corporation intended to induce Row Equipment to continue using its faulty machine because Terex Corporation feared that Row Equipment might return the machine.

46.  Row Equipment acted in justifiable reliance on Terex Corporation's misrepresentation or concealment.

47.  As a result of Terex Corporation's conduct, Row Equipment suffered from loss of revenue, loss of current and future business.

## COUNT VII - DAMAGES

48.   The Plaintiff incorporates by reference all preceding paragraphs as if they were fully set forth herein and further alleges the following.

49.   Plaintiff brings this action against Defendant Terex Corporation to recover loss of revenue, loss of current and future business. Additionally, Row Equipment purchased machines, which are in fact worth hundreds of thousands of dollars less than it should be because the machines are defective.

50.   Plaintiff's damages were a direct and proximate result of Defendant's negligent acts and omissions, breaches of warranty and fraud.

## COUNT VIII - ATTORNEY'S FEES

51.   The Plaintiff incorporates by reference all preceding paragraphs as if they were fully set forth herein and further alleges the following.

52.   Terex Corporations improper conduct has forced Row Equipment to resort to litigation to collect the damages that it incurred.

53.   Defendant has acted in bad faith, has been stubbornly litigious, and/or has caused Plaintiff unnecessary trouble and expense, thereby by entitling Plaintiff to recover attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11.

## COUNT IX - PUNITIVE DAMAGES

54.   The Plaintiff incorporates by reference all preceding paragraphs as if they were fully set forth herein and further alleges the following.

55.   Defendant will clearly and convincingly showed willful misconduct, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

56.    Pursuant to O.C.G.A. § 51-12-5.1, Plaintiff is entitled to a recovery of punitive damages in

order to punish, penalize and/or deter Defendant from repeating the behavior set forth in this

Complaint.

WHEREFORE, Plaintiffs pray for the following relief:

(A)    That summons and process issue and be served upon Defendants;

(B)    For a trial by a jury comprised of twelve persons;

(C)    That the Plaintiff be awarded an appropriate sum to compensate for his injuries

and damages;

(D)    That the Plaintiff be awarded reasonable attorneys' fees, pursuant to O.C.G.A. §

13-6-11, and litigation expenses;

(E)    That Plaintiff be awarded exemplary damages to deter Defendant from selling

defective chippers to small businesses; and

(F)    Such other and further relief as the Court deems just and proper.

This _____ day of June, 2016.

Brent J. Savage
Georgia Bar No. 627450

**SAVAGE, TURNER & PINCKNEY**
102 East Liberty Street, 8th Floor (31401)
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140