# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JOHN JAMES d/b/a ROW EQUIPMENT, INC.,

    Plaintiff,

v.

TEREX CORPORATION,

    Defendant.

CIVIL ACTION NO.: 5:16-cv-60

## O R D E R

This matter is before the Court on Defendant's Motion to Stay Discovery, (doc. 5), and Plaintiff's Motion for Leave to Amend Complaint to Substitute Parties, (doc. 17). As to Defendant's Motion to Stay Discovery, Defendant submits that discovery should be stayed until such time as the Court enters a ruling on its Motion to Dismiss Plaintiff's Complaint, (doc. 4). Plaintiff filed a response in opposition to the Motion to Stay. (Doc. 16.) After careful consideration, the court **GRANTS** Defendant's Motion. (doc. 5). Plaintiff's Motion for Leave to Amend Complaint to Substitute Parties, (doc. 17), is also **GRANTED**.

## BACKGROUND

In this action, Plaintiff claims that Defendant sold Plaintiff defective wood chippers. Plaintiff further alleges that, after he notified Defendant of the chippers' deficiencies, Defendant deceived Plaintiff into continuing to use the defective machines by promising to repair them. Defendant did not repair the chippers. Plaintiffs filed this action in the Superior Court of Pierce County on June 16, 2016, alleging breach of contract, negligent design and manufacturing, breach of express warranties, breach of implied warranties, and fraudulent inducement claims.

(Doc. 1-1.) Plaintiff seeks compensatory and punitive damages, as well as attorney's fees. (Id. at p. 8.)

On July 22, 2016, Defendant filed a Notice of Removal in this Court and contemporaneously filed an Answer to Plaintiff's Complaint, Motion to Dismiss, and Motion to Stay Discovery in this Court. (Docs. 1, 3, 4, 5.) On August 8, 2016, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss, (doc. 14), Motion for Leave to Amend Complaint to Substitute Parties, (doc. 17), an Amended Complaint, (doc. 15), and a Reply Opposing Defendant's Motion to Stay, (doc. 16).

In its Motion to Dismiss, (doc. 4), Defendant contends that Plaintiff's Complaint should be dismissed because (1) "John James" is not a proper party plaintiff; (2) Plaintiff's tort claims for negligent design and negligent manufacturing are barred; (3) Plaintiff failed to allege his claim for fraudulent inducement with particularity; and (4) Plaintiff may not recover punitive damages. (Doc. 4, p. 2.) In response, Plaintiff filed an Amended Complaint in which he abandons his negligent design and negligent manufacturing claims. (Doc. 15.) However, in his Response to Defendant's Motion to Dismiss, (doc. 14), Plaintiff disputes Defendant's contention that he failed to plead with particularity his claims of fraudulent inducement and that he is not entitled to punitive damages.

As noted above, Plaintiff has also filed a Motion for Leave to Amend Complaint to Substitute Parties. In that Motion, Plaintiff seeks to replace improperly named Defendant "Terex Corporation" with Terex USA, LLC d/b/a Terex Environmental Equipment and Terex Financial Services, Inc. as Defendants in this action.

# DISCUSSION

## I. Plaintiff's Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)[.]" Defendant filed its Motion to Dismiss on July 22, 2016. Plaintiff filed his Motion for Leave to Amend Complaint to Substitute Parties seventeen days later, on August 8, 2016, (doc. 17). Accordingly, because Plaintiff filed his Motion to Amend within the time period prescribed by Rule 15(a)(1)(A), he may amend as a matter of course. Plaintiff's Motion, (doc. 17), is, therefore, **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed complaint (doc. 17, pp. 5–13), as a separate document on the docket of this case docketed as Plaintiff's First Amended Complaint. The Clerk shall update the docket of this case to reflect the parties named in Plaintiff's First Amended Complaint. To the extent that any newly named Defendant has not been served, it shall be Plaintiff's obligation to serve that party with his Amended Complaint.

## II. Defendant's Motion to Stay Discovery

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. . . . If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367-68 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Diaz v. Atkinson Cnty., Ga., No. 5:15-CV-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

Plaintiff maintains that Chudasama does not permit the Court to grant Defendant's Motion to Stay Discovery as a matter of course. Plaintiff maintains that the Court should instead conduct a balancing test between the "dubiousness" of Plaintiff's claim and the scope of discovery to determine whether discovery should be stayed in this case. (Doc. 16, p. 2.) Plaintiff avers that because "neither [his] fraud claim nor the scope of discovery rise to the level of that present in Chudasama . . . the Court is not required to stay discovery until the Motion to Dismiss is ruled upon." (Id. at p. 3.) Plaintiff further argues that "the issues in this case are both simple and straightforward" and, therefore, "the parties will not undergo substantial discovery-related time and expense" should the Court deny Defendant's Motion to Stay Discovery. (Id. at p. 4.) Accordingly, Plaintiff maintains that good cause does not exist to stay discovery in this action.

The Court recognizes that Chudasama and its progeny do not create a *per se* rule that discovery is stayed every time a motion to dismiss is filed. See S. Motors Chevrolet, Inc., No.

CV414-152, 2014 WL 5644089, at *1. Nonetheless, the principle espoused in Chudasama, that the Court should prevent the needless expenditure of resources on discovery, is instructive to the Court's inquiry at hand. Further, "[i]n deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting, Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.1988)).

A preliminary review of Defendant's Motion to Dismiss reveals that it has raised meritorious challenges to the legal sufficiency of Plaintiff's remaining claims. Even a partial grant of the Motion to Dismiss could narrow the issues which the parties must address in discovery. For example, Defendant claims that Plaintiff has failed to properly plead his claim of fraudulent inducement. Denial of the Motion to Stay would, therefore, require the parties to commence discovery on a claim which the Court could dismiss at a later date. It would be inefficient and costly for the parties to engage in such discovery when many, if not all, of the discovery requests could be rendered moot by the Court's ruling on the Motion to Dismiss. Moreover, Plaintiffs have not pointed to any potential loss of evidence or other issue that would render these discovery requests less effective after resolution of the Motion to Dismiss.[1] Thus, other than the intangible harm produced by the delay in the discovery process, it does not appear that a stay of discovery will produce any damage.

---

[1] Though Plaintiff avers that he will be "prejudiced by a stay because Plaintiffs ha[s] incurred extensive damages due to Defendants' faulty chippers," these damages occurred prior to the rise of this litigation.

## CONCLUSION

The Court finds good cause to stay this case until such time as a ruling is made on Defendant's Motion to Dismiss and that no substantial prejudice will accrue to the parties if a stay is granted. A ruling on Defendant's Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that all discovery proceedings are stayed pending a ruling by this Court on Defendant's Motion to Dismiss.

IT IS FURTHER ORDERED that **within fourteen (14) days** following the Court's ruling on Defendant's Motion to Dismiss, should this case remain pending before the Court, the parties are directed to again meet and confer pursuant to Rule 26(f). Additionally, the parties are to file a supplemental Rule 26(f) Report **within seven (7) days** of the Rule 26(f) conference at which time a Scheduling Order will be entered.

**SO ORDERED**, this 20th day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA