# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

JOHN JAMES, individually,
and ROW EQUIPMENT, INC.,

    Plaintiffs,

v.

TEREX USA, LLC, d/b/a
TEREX ENVIRONMENTAL
EQUIPMENT, and TEREX FINANCIAL
SERVICES, INC.,

    Defendants.

CV 516-60

## ORDER

Pending before the Court is Defendant Terex Financial Services, Inc.'s ("Defendant") First Motion to Dismiss (Dkt. No. 4) and Second Motion to Dismiss (Dkt. No. 19).[1] The motions are now ripe for decision. For the reasons stated below, Defendant's Second Motion to Dismiss (Dkt. No. 19) is **GRANTED** and Defendant's First Motion to Dismiss (Dkt. No. 4) is **DENIED AS MOOT**.

---

[1] The Court notes that the docket reflects that Terex USA, LLC and Terex Financial Services, Inc. (the movant here) are separate legal entities for the purposes of this suit. Terex USA, LLC has made it clear that it has not attempted to renew a previous motion to dismiss (Dkt. No. 4) seemingly filed jointly with that of Terex Financial Services, Inc. (Dkt. No. 26 (incorporating Terex USA, LLC's previous Answer to Plaintiffs' Amended Complaint but not indicating a renewal of the previously filed motion to dismiss)). Therefore, the Court considers the earlier Motion to Dismiss (Dkt. No. 4) to be moot.

## Factual Background

Terex USA, LLC ("Terex USA") is a Connecticut-based company which sells industrial wood chippers. Defendant is a Connecticut-based company which provides financing for buyers of Terex USA's products. Plaintiffs are both residents of Georgia. On or around September 6, 2012, Plaintiff Row Equipment ("Row") entered into a financing contract with Defendant to purchase an industrial wood chipper ("Chipper 1") manufactured by Terex USA. Dkt. No. 15 ¶ 8. Plaintiff John James ("James") personally guaranteed the contract. Id. ¶ 9. Plaintiffs allege that Chipper 1 was defective. Row later purchased another industrial wood chipper ("Chipper 2"), that was also financed by Defendant. Id. ¶ 15. James also personally guaranteed this contract. Plaintiffs allege that Chipper 2 was also defective. Plaintiffs allege that Defendant knew that both Chipper 1 and Chipper 2 were defective. Id. ¶ 19. Plaintiffs now bring this action as a result of Terex USA's contracts and Defendant's enforcement of the financing agreements. Id. ¶ 29.

## LEGAL STANDARD

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th

2

Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

Defendant seeks dismissal of Plaintiffs' breach of contract and fraudulent inducement claims. Both parties agree that Connecticut contract law applies to this case. Dkt. No. 3. Furthermore, the parties agree that Plaintiffs cannot state a claim for either breach of contract or fraudulent inducement at this time. Id. at 3-4.

Instead, Plaintiffs seek to amend their Complaint to allege that they suffered "damages as a result of the unconscionable contract entered into with [Defendant]." While the Court must freely grant leave to amend, it need not allow futile amendments. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The Court finds that the Plaintiffs' proposed amendment would be futile. The doctrine of unconscionability is not a

separate claim, but rather, a defense to contract enforcement. Defendant has not filed any counterclaims in this action, and Plaintiffs cannot seek to use a shield as a sword by adding a "claim" for unconscionability to their Complaint. See Shaw v. Gen. Elec. Co., 492 F. Supp. 779, 780 (N.D. Ala. 1980) (finding that "[s]eparate defenses do not make separate and independent claims"); see also Ratliff v. McDonald, 756 S.E.2d 569, 575 (Ga. Ct. App. 2014) (holding defense could not be asserted as a separate claim). Plaintiffs' case citations reflect this same principle. See Bender v. Bender, 975 A.2d 636 (Conn. 2009) (explaining that unconscionability is a defense to contract enforcement); Sablosky v. Edward S. Gordon Co., 535 N.E.2d 643, 646-47 (N.Y. 1989) (discussing unconscionability in the context of invalidating an arbitration agreement); Deutsche Bank Nat'l Tr. v. Belizaire, No. FST-CV-065002704S, 2011 WL 3586487, at *9 (Conn. Sup. Ct. July 13, 2011) (discussing unconscionability as a defense to counterclaims).

As such, the doctrine of unconscionability only applies as a *defense* to contract *enforcement*, rather than as an alternative theory for a breach of contract claim. Therefore, Plaintiffs cannot amend their Complaint to add a claim for unconscionability because no such claim exists. Thus, the Court will grant Defendant's Motion to Dismiss.

4

## CONCLUSION

For the reasons set forth above, Defendant Terex Financial Services, Inc.'s second Motion to Dismiss (Dkt. No. 19) is hereby **GRANTED**. As such, Defendant's first Motion to Dismiss (Dkt. No. 4) is **DENIED AS MOOT**.

**SO ORDERED**, this 12th day of December, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA