# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

FILED
Scott L. Poff, Clerk
United States District Court
By casbell at 9:40 am, May 16, 2017

JOHN JAMES, individually,
and ROW EQUIPMENT, INC.,

    Plaintiffs,

v.

TEREX USA, LLC, d/b/a
TEREX ENVIRONMENTAL
EQUIPMENT,

    Defendant.

CV 516-60

## ORDER

Pending before the Court is Defendant Terex USA, LLC d/b/a Terex Environmental Equipment's ("Defendant") Motion for Partial Judgment on the Pleadings (Dkt. No. 33). The motion has been fully briefed and is now ripe for decision. For the reasons stated below, the Motion for Partial Judgment on the Pleadings (Dkt. No. 33) will be **DENIED**.

### Factual Background

Defendant is a Connecticut-based company which sells industrial wood chippers. Plaintiffs are both residents of Georgia. On or around September 6, 2012, Plaintiff Row Equipment, Inc. ("Row") entered into a financing contract with

Terex Financial Services, Inc. ("Terex Financial")[1] to purchase an industrial wood chipper ("Chipper 1") manufactured by Defendant. Dkt. No. 15 ¶ 8. Plaintiff John James ("James") personally guaranteed the contract. Id. ¶ 9. Plaintiffs allege that Chipper 1 was defective. Row later purchased another industrial wood chipper ("Chipper 2") from Defendant over a year later. Id. ¶ 15. James also personally guaranteed this contract. Plaintiffs allege that Chipper 2 was also defective. Plaintiffs allege that Defendant knew that both Chipper 1 and Chipper 2 were defective and assured Row that Defendant would repair the defects. Id. ¶¶ 19, 42. Plaintiffs now bring this action as a result of Defendant's contracts and promises to fix the chippers. Id. ¶ 29.

**LEGAL STANDARD**

In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may consider only the pleadings—in this case, the Complaint and Answer. See Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6). The main difference between them is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion. Judgment on the pleadings under Rule 12(c) is appropriate when there are no

---

[1] Terex Financial was dismissed from this case on December 12, 2016. Dkt. No. 28.

material facts in dispute and the moving party is entitled to judgment as a matter of law. Mergens v. Dreyfoos, 166 F.3d 1114, 1116-17 (11th Cir. 1999). A district court must accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

Defendant seeks dismissal of the Plaintiffs' fraudulent inducement claim. Specifically, Defendant relies on Georgia's economic loss rule under O.C.G.A. § 51-1-11. Under Georgia law, "if the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract." O.C.G.A. § 51-1-11. However, Georgia courts and federal courts

in this jurisdiction have repeatedly recognized an exception to the economic loss rule for fraudulent inducement claims. Holloman v. D.R. Horton, Inc., 524 S.E.2d 790, 797 (Ga. Ct. App. 1999) ("The economic loss rule is inapplicable in the presence of passive concealment or fraud."); Manhattan Constr. Co. v. McArthur Elec., Inc., No. 1:06-CV-1512, 2007 WL 295535, at *11-12 (N.D. Ga. Jan. 30, 2007) (denying a motion to dismiss a conversion claim under the "misrepresentation exception" to Georgia's economic loss rule where the complaint alleged that defendant "willfully and wrongfully violated [plaintiff's] statutory rights"); see also Rakip v. Paradise Awnings Corp., 514 F. App'x 917, 921 (11th Cir. 2013) (finding that Florida courts have consistently held that the Florida economic loss rule does not bar a claim for civil theft or conversion).

Defendant appears to acknowledge this exception. Dkt. No. 37 pp. 1-2. However, Defendant points to a number of cases that indicate that the economic loss rule may still be applicable when a plaintiff makes a fraudulent inducement claim based upon the same conduct and asserting the same damages as a breach of contract/warranty claim. For instance, the Georgia Supreme Court has explained that the law of warranties, rather than tort law, is the appropriate mechanism to litigate a purchaser's disappointed expectations when a product fails to perform properly. Vulcan Mater. Co., Inc. v. Driltech, Inc., 306 S.E.2d

AO 72A
(Rev. 8/82)

253, 256-57 (Ga. 1983). Indeed, some courts have applied the economic loss rule when a plaintiff asserts that a tort occurred based on the *same* conduct as the plaintiff's breach of contract claim. Foxworthy, Inc. v. CMG Life Servs., Inc., No. 1:11-CV-2682, 2012 WL 1269127 (N.D. Ga. Apr. 16, 2012). In Foxworthy, the plaintiff alleged negligent misrepresentation and breach of contract based upon an alleged failure to comply with a specific provision in the agreement. Id. at *3. The court found that since the negligent misrepresentation claim was based on a failure to live up to terms promised in the agreement, the economic loss rule applied. Id. Therefore, the court dismissed all tort claims based on the breach of the agreement. Id.

Defendant asserts that the holding in Foxworthy indicates that Plaintiffs' fraud claims are essentially the same as their breach of contract claims, just repainted with the brush of tort law, and therefore the economic loss rule applies. Dkt. No. No. 37 pp. 2-3. This is not so. It is certainly arguable that Plaintiffs' fraud claim must be dismissed to the extent it "is not independent of [their] breach of contract claim." Foxworthy, 2012 WL 1269127, at *3. But Plaintiffs sufficiently allege conduct which is independent from that associated with their breach of contract claim. Defendant seems to focus on the argument that any inducement to enter the contract for the wood chippers is barred by the economic loss rule because Plaintiffs

5

also sue for breach of those very contracts. This may well be, but this is not what Plaintiffs allege.

Plaintiffs' breach claim asserts that they were sold defective wood chippers, while their fraudulent inducement claim is based on later assertions that Defendant would *fix* the defective chippers. Dkt. No. 15 ¶¶ 41-48. Indeed, it is possible that the damages are entirely different as well. As such, Plaintiffs' fraudulent inducement claim is based upon post-contractual conduct that may reveal independent damages, rather than pre-contractual conduct that essentially constitutes the same action as their breach of contract claim. Therefore, the economic loss rule does not apply to this action, and Defendant's motion will be denied.

## CONCLUSION

For the reasons set forth above, Defendant Terex USA, LLC d/b/a Terex Environmental Equipment's Motion for Partial Judgment on the Pleadings (Dkt. No. 33) is hereby **DENIED**.

**SO ORDERED**, this 16th day of May, 2017.

LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA