**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

JOHN JAMES, individually; and ROW
EQUIPMENT, INC.,

    Plaintiffs,

v.

TEREX USA, LLC, d/b/a TEREX
ENVIRONMENTAL EQUIPMENT,

    Defendant.

CIVIL ACTION NO.: 5:16-cv-60

## **O R D E R**

Presently before the Court is Defendant Terex USA, LLC's Motion for Entry of Final Judgment Against Plaintiff John James pursuant to Fed. R. Civ. P. 54(b). (Doc. 60.) Plaintiffs James and ROW Equipment, Inc. ("ROW") filed a Response in opposition to Defendant's Motion, (doc. 64), and Defendant filed a Reply, (doc. 68). For the reasons discussed herein, the Court **DENIES** Defendant's Motion.

### **BACKGROUND**

Plaintiffs ROW and James (the owner of ROW) filed this action against Defendant Terex USA, LLC, ("Terex") in 2016, asserting claims for breach of contract, breach of express warranties, breach of implied warranties, and fraudulent inducement arising from Terex's sale of equipment to ROW. (Docs. 1, 24.) On November 16, 2018, the Court partially granted Defendant's Motion for Summary Judgment. (Doc. 57.) Specifically, the Court granted summary judgment to Defendant Terex as to all claims asserted against it by Plaintiff James and terminated James as a party to this case. (Id.) Additionally, the Court granted summary judgment to

Defendant on Plaintiff ROW's claims for fraudulent inducement, breach of contract and breach of the implied warranty of merchantability. (Id.) Summary judgment was also granted in favor of Defendant as to both Plaintiffs' requests for relief in the form of rescission and punitive damages. (Id.) However, the Court denied summary judgment as to Plaintiff ROW's claim that Defendant breached its Standard Warranty by supplying chippers that were defective and by not providing timely, effective repair services. Summary judgment was also denied as to Plaintiff ROW's claim for attorney's fees. (Id.) These claims remain pending before the Court.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 54(b), Defendant requests the certification of final judgment in its favor on the claims asserted against it by Plaintiff James in his individual capacity, notwithstanding the fact that certain claims asserted by James' co-Plaintiff, ROW, remain pending. (Doc. 60, p. 1.) Rule 54(b) "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). Specifically, Rule 54(b) permits a district court to certify "final judgment as to one or more, but fewer than all, claims or parties," but "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Otherwise, partial adjudication of a case does not conclude the case, and the partial adjudication is generally not appealable. Id.; Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). Here, two of Plaintiff ROW's causes of action against Defendant remain viable; thus, the Court's dismissal of Plaintiff James as a party did not "conclude" the case in its entirety.

The Eleventh Circuit Court of Appeals has made clear that while the decision to certify a judgment is within the "sound judicial discretion of the district court," certification of a partial

judgment is only appropriate in "unusual cases" and district courts are "counseled . . . to exercise the limited discretion afforded by Rule 54(b) conservatively." Ebrahimi, 114 F.3d at 165–66 (quotations and alterations omitted). In deciding whether to certify a partial final judgment, "[a] district court must follow a two-step analysis." Lloyd Noland Found., 483 F.3d at 777.

"First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" Id. (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). Here, it is undisputed that the Court granted summary judgment to Defendant as to all claims asserted by Plaintiff James and Defendant seeks Rule 54(b) certification on this basis. (Doc. 60, p. 4; doc. 64, p. 4.) Because it disposed of all of James' claims and terminated James as a party, the Court's November 16, 2018 Order was unquestionably "final in the sense that it [was] an ultimate disposition of [] individual claim[s] entered in the course of a multiple claims action and a judgment in the sense that it [was] a decision upon [] cognizable claim[s] for relief." Lloyd Noland Found., 483 F.3d at 777 (citations and internal quotation marks omitted). Therefore, the Court finds that the first step of the two-step Rule 54(b) analysis is satisfied.

The "court must [next] determine that there is 'no just reason for delay' in certifying [the judgment] as final and immediately appealable." Id. (quoting Curtiss-Wright Corp., 446 U.S. at 8). This inquiry "requires the district court to balance judicial administrative interests and relevant equitable concerns." Ebrahimi, 114 F.3d at 165–66. "Consideration of the former factor," judicial administrative interests, "is necessary to ensure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). The latter factor, equitable concerns, serves to limit certification to "instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." Id. at 166 (citation omitted). As noted above, the Eleventh Circuit

has stressed that Rule 54(b) certifications are to be used only in the "*unusual* case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by *pressing needs* of the litigants for an early and separate judgment as to some claims or parties." Id. at 166 (emphasis added) (citations omitted).

In support of its Motion, Defendant contends that both factors weigh in its favor. (Doc. 60, pp. 4–8.) As to the first factor, Defendant maintains that judicial administrative interests are not impacted because summary judgment was granted after James "abandoned" his claims, meaning even if James appealed the judgment against him on his claims, "[t]here are no facts an appellate court would have to relearn on a subsequent appeal by ROW." (Id. at p. 6; see also doc. 68, pp. 3–4.) In Response, Plaintiffs acknowledge that James abandoned some of his claims, but note that he did not abandon his claim for fraudulent inducement. Therefore, if final judgment is entered and James utilizes his appeal rights, Plaintiffs argue that an appeal of his fraudulent inducement claim would involve the same "operative facts" as ROW's fraudulent inducement claim.[1] (Doc. 64, p. 7.) See Fed. R. App. P. 4(a)(1)(A) (appellants must file a notice of appeal within thirty days of the district court's entry of final judgment); Smith v. Mine Safety Appliances Co., 691 F.2d 724, 725 (5th Cir.1982) (dismissing an appeal as untimely because the appellant filed his notice of appeal eight months after the trial court issued a final judgment under Rule 54(b)). ROW, however, must wait until its remaining claims against Defendant are adjudicated before it will be able to appeal the entry of summary judgment on its fraudulent inducement claim.[2] Thus, James

---

[1] Defendant has not requested entry of judgment as to the Court's grant of summary judgment to it on Plaintiff ROW's fraudulent inducement claim.

[2] Parties typically seek Rule 54(b) certification when they have been on the *losing* end of a summary judgment motion as a means to expeditiously appeal an adverse decision. Here, as the prevailing party on the at-issue claims, it is somewhat surprising that Defendant Terex seeks a ruling that would trigger Plaintiff James' thirty-day period to appeal. In its Motion, Defendant Terex explains that it seeks certification so

and his co-Plaintiff would not be able to jointly appeal the denial of their identical causes of action that are based on the same set of facts. Because there is a clear risk of multiple appeals and because the two fraudulent inducement claims rely on an identical set of facts, the Court agrees with Plaintiffs on this factor. (See Doc. 57, p. 8.) Such a situation would undoubtedly undermine the "historic federal policy against piecemeal appeals" and the avoidance thereof constitutes a "just reason" to delay certification. Lloyd Noland Found., 483 F.3d at 778 (citations omitted).

Moreover, while the Court's adjudication of the fraudulent inducement claims and the request for rescission may not necessarily involve complex legal issues, the facts are far from simple and the record is extensive. With supporting exhibits, Defendant's Motion for Summary Judgment, (doc. 46), and Plaintiffs' Response, (doc. 51), contain a combined 1,015 pages. This Court was required to expend significant time becoming familiar with the myriad of individuals, relationships, and transactions associated with this matter. Requiring the Eleventh Circuit (potentially two different panels thereof) to become factually familiar with this matter in multiple appeals filed at different times would undermine judicial efficiency. See Ebrahimi, 114 F.3d at 167 ("[W]hen the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b).").

Defendant's argument for the second factor similarly falls short. Defendant argues that certification is warranted because "there are no equitable concerns sufficient to outweigh the appropriateness of certification." (Doc. 60, p. 7.) Specifically, Defendant contends the equities weigh in favor of "permitting Terex USA to seek [] fees and costs [from James] before judgment concerning ROW Equipment, Inc.'s remaining claim[s] . . . [is] final," especially in light of the

---

that it may submit a Bill of Costs and a motion for attorney's fees and other costs against Plaintiff James without having to wait until the adjudication of ROW's remaining claims.

5

"time and expense" Defendant claims it has endured during the two-plus years it has defended against James' claims. (Id. at pp. 7–8.) In response, Plaintiffs maintain that the immediate pursuit of attorney's fees and expenses is not a "pressing need" as contemplated by Rule 54(b), and also point out that "Terex does not explain why prematurely certifying a judgment against James would preclude it from seeking the same costs and attorney's fees upon the conclusion of the remaining claims." (Doc. 64, p. 5.) Again, the Court agrees with Plaintiffs.

Not only does Defendant's argument misconstrue the purpose and application of Rule 54(b), but it also fails to indicate how Terex will suffer hardship or injustice by waiting until the resolution of the case as a whole to move for fees and costs.[3] The default rule for this Court is not to certify every partial judgment as final unless there is a compelling reason *not* to do so; rather, the Eleventh Circuit admonishes lower courts to do the opposite: "Certification should not [] be routinely granted . . . [and] should be granted only if there exists some danger of hardship or injustice through delay, that would be alleviated by immediate appeal." In re Se. Banking Corp., 69 F.3d 1539, 1547 n.2 (11th Cir. 1995)) (citations omitted). No such circumstances are present in this case. While Defendant correctly notes that this action has been actively litigated for several years, it fails to explain why there is a "pressing need" for it to seek costs and attorney's fees against James prior to resolution of the entire case. Because Defendant has not pointed to, and the Court is not aware of, any hardship or injustice that Defendant would suffer by waiting until final and complete judgment is rendered, the Court finds that the "assessment of the equities" indicates

---

[3] While this Court is unaware of any instance in which the Eleventh Circuit specifically addressed the matter of a prevailing party seeking a Rule 54(b) certification, in Exchange Nat. Bank of Chicago v. Daniels, the Seventh Circuit Court of Appeals noted that "[a] district judge ordinarily should not enter a Rule 54(b) document unless the *losing* party requests it." 763 F.2d 286, 291 (7th Cir. 1985) (emphasis added). The Daniels court explained that Rule 54(b) is meant to allow "an aggrieved party to obtain review that will accelerate the resolution of one question without disrupting the rest of the litigation and without presenting the same facts to the appellate court repeatedly." Id.

no need for certification.  See generally Curtiss-Wright Corp., 446 U.S. at 10 (concluding that the district court's "assessment of the equities was reasonable.").

Simply put, Defendant's desire to seek recovery of fees and costs sooner rather than later is not an appropriate basis for certification under Rule 54(b) as a matter of law.  See, e.g., Walsh v. Jeff Davis County, No. CV 210-075, 2012 WL 2127123, at *3 (S.D. Ga. June 11, 2012) ("Personal preference, however, is not a sufficient reason for the Court to utilize the exceptional practice of Rule 54(b) certification."); Kipperman for Magnatrax Litig. Tr. v. Onex Corp., No. 1:05-CV-1242-JOF, 2008 WL 11334162, at *2 (N.D. Ga. Mar. 24, 2008) (defendants' mere desire for finality of their dismissal from the case was insufficient to warrant entry of Rule 54(b) judgment in their favor).  Having found that judicial administrative interests and relevant equitable concerns provide just reason to delay the entry of final judgment, the Court **DENIES** Defendant's Motion for Entry of Final Judgment, (doc. 60).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Entry of Final Judgment against Plaintiff John James, (doc. 60).

**SO ORDERED**, this 30th day of April, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA