# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| ROW EQUIPMENT, INC., | |
| Plaintiff, | CIVIL ACTION NO.: 5:16-cv-60 |
| v. | |
| TEREX USA, LLC d/b/a TEREX ENVIRONMENTAL EQUIPMENT, | |
| Defendants. | |

## O R D E R

Plaintiff ROW Equipment, Inc. ("ROW") sued Terex USA, LLC ("Terex"), seeking damages for its purchase (from Terex) of wood chippers that ROW contends were faulty, frequently malfunctioned, and were never properly repaired or replaced by Terex. The Court granted summary judgment in favor of Terex on all but one of Plaintiff's claims. (Doc. 57.) The sole claim remaining for adjudication at trial is a claim that Defendant Terex breached its express standard warranty that the chippers would be free of "defects in manufacture or materials" and that it would adequately repair or replace the chippers. (Doc. 51, pp. 11, 13; doc. 57, p.p. 16–17; see also doc. 15.) The case is presently before the Court on Defendant's "Motion in Limine to Exclude Previously Unidentified Witnesses," (doc. 82), "Motion in Limine to Exclude Lay Opinions," (doc. 83), and "Motion in Limine to Exclude Testimony on the Operation and Repair of the [Wood] Chippers," (doc. 84), as well as Plaintiff's "Motion in Limine," (doc. 97). For the reasons set forth more fully below, the Court **GRANTS IN PART, DENIES IN PART** and **DEFERS ITS RULING IN PART** as to Terex's Motion in Limine to Exclude Previously Unidentified

Witnesses, (doc. 82); **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** Terex's Motion in Limine to Exclude Lay Opinions, (doc. 83); and **DENIES WITHOUT PREJUDICE** Terex's Motion in Limine to Exclude Testimony on the Operation and Repair of the Chippers, (doc. 84). As to ROW's Motion in Limine, the Court **DEFERS ITS RULING** as to Part 1, and **DENIES** Part 2 of that Motion, (doc. 97).

## STANDARD OF REVIEW

"The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). "The court excludes evidence on a Motion in Limine only if the evidence is clearly inadmissible for any purpose." Id. "Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Id. (citation and emphasis omitted).

## DISCUSSION

### I. Terex's Motion in Limine to Exclude Previously Unidentified Witnesses (Doc. 82)

In the at-issue Motion in Limine, Terex seeks an order prohibiting ROW from calling as witnesses at trial the following individuals, whom ROW listed in its Witness List for trial (which was filed in accordance with this Court's Trial Preparation Scheduling Order (doc. 77)), but who, according to Terex, were never disclosed as potential witnesses during discovery: Christy Houck, Sam Cason, "Danny (mechanic, last name unknown)," Matt Twig, and Chuck Snyder. (Doc. 82, p. 7.) Terex also seeks the exclusion of Terry Tyre, who was included on the Witness List and had been identified during another witness's deposition, but for whom ROW never provided Terex

contact information. (Id.) Notably, ROW has not responded to this particular Motion in Limine and thus apparently admits that these witnesses were either never disclosed or, in the case of Tyre, were insufficiently identified.

A party must disclose "the name and, if known, the address and telephone number" of any individual likely to have discoverable information that the party may use to support any of its claims or defenses within fourteen days of the Rule 26(f) conference.[1]  Fed. R. Civ. P. 26(a)(1). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The non-disclosing party bears the burden of showing that its failure to disclose was substantially justified or harmless. Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009) (internal quotation marks and citation omitted).

The Court has reviewed ROW's initial disclosures as well as its responses to Terex's written discovery requests (copies of which were provided as exhibits to Terex's Motion in Limine). None of these documents identified Christy Houck, Sam Cason, Matt Twig, Chuck Snyder, or Terry Tyre as potential witnesses (much less provided telephone numbers or addresses for them). The Court has also reviewed portions of two deposition transcripts provided by Terex, which show that Terry Tyre was twice identified as an operator of one or both of the chippers. (Docs. 82-9, 82-10.) While there is no indication that Terex affirmatively requested telephone number or address information for Tyre during those depositions or thereafter, there is also no indication that this information was not known to ROW and thus not subject to mandatory

---

[1] However, a party need not disclose those individuals whose testimony will be used only for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(i).

disclosure to Terex per Fed. R. Civ. P. 26(a)(1).[2] Finally, as to the witness identified as "Danny (mechanic, last name unknown)," ROW did disclose—in its Responses to Terex's First Interrogatories—"Danny Parker" as a "Mechanic" with "knowledge about the defective Chippers" and it provided a phone number for him. (Doc. 82-3, pp. 6, 16.)

Despite bearing the burden to do so, ROW has made no effort to show either that it made proper and timely disclosures of any or all of the at-issue witnesses or that its failure to do was substantially justified or harmless. The Court finds that ROW failed to properly disclose Christy Houck, Sam Cason, Matt Twig, and Chuck Snyder as potential witnesses. and it therefore cannot affirmatively call any of them as a fact witness. As to Terry Tyre, given ROW's failure to respond to the Motion in Limine, no justification or other argument has been offered for ROW's failure to formally identify Tyre as someone ROW may use to supports its claims. Moreover, even if the Court found that the deposition testimony about Tyre constituted sufficient identification, there is no indication that Tyre's telephone number and/or address were unknown to ROW such that ROW was excused from providing such information. As a result, Terex cannot call Tyre as a fact witness. The Court emphasizes, however, that the failure to properly disclose each of the foregoing individuals as a witness does not prevent ROW from eliciting testimony from them to rebut testimony offered by a witness for Terex.

Finally, if the witness identified as "Danny (mechanic, last name unknown)" in ROW's Witness List is Danny Parker (the individual identified in ROW's interrogatory responses), then ROW may call him as a witness at trial. To the extent, however, "Danny (mechanic, last name unknown)" is someone other than the Danny Parker previously identified in ROW's interrogatory responses, then that individual cannot be called by ROW as a fact witness (though he may be called

---

[2] There is likewise no indication that ROW supplemented its initial disclosures or written discovery responses to formally identify Tyre as someone that it may use to support any of its claims or defenses.

4

to rebut testimony offered by a witness for Terex). Certainly, by the time of the Pretrial Conference, ROW should have determined the last name of this individual whom it expects to call as a witness at trial. Therefore, at the Pretrial Conference for this case, the Court will issue its ruling on whether "Danny" will be permitted to be called as a witness by ROW. Accordingly, Plaintiff's Motion in Limine to Exclude Previously Unidentified Witnesses, (doc. 82), is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART** (as to witness "Danny").

## II.     Terex's Motion in Limine to Exclude Lay Opinions (Doc. 83)

In its Motion in Limine to Exclude Lay Opinions, Terex seeks to exclude "testimony regarding the engineering, design, manufacture, and repair of the [two at-issue wood chippers] from lay witnesses who are not qualified to testify on such issues." (Doc. 83, p. 6.) Terex notes that ROW has not identified any expert witnesses to opine on these topics, (id.), and it therefore anticipates that ROW will seek to elicit this sort of "evidence, testimony or opinions" from lay witnesses, which it argues should be excluded as "contrary to the law, not relevant, and on the grounds it will only confuse the jury." (Id. at p. 2.)

In its Response, ROW concedes that none of its witnesses should be permitted to testify as to what "should have been incorporated into the design of the chippers" or as to the alleged reasons "why repairs were necessary." (Doc. 104, p. 1 (quoting doc. 83, pp. 8, 10).) ROW takes issue, however, with limiting its witnesses' abilities to testify about repairs to the chippers, particularly where the witnesses have "personal knowledge of the simple fact that, at least on certain occasions, the chippers did not work." (Id. at p. 1.) ROW also points out that Terex has designated, for use at trial, portions of ROW's own witnesses' deposition transcripts wherein ROW witnesses were asked to talk about issues with the chippers that could or did require repairs. (Id. at pp. 2–3.)

In Reply, Terex points the finger back at ROW, claiming that ROW has designated (for use at trial) testimony "that contain[s] unfounded conclusion[s] based on hearsay regarding the alleged appropriateness and/or effectiveness of repairs made and/or the alleged reasons why repairs were necessary." (Doc. 107, p. 3.)

Opinion testimony by lay witnesses is governed by Fed. R. Evid. 701, which requires that any such testimony be: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702, which governs testimony by individuals deemed expert witnesses. The Court will apply this standard when it reviews the objections each party has filed to the other party's deposition designations. As to testimony which Terex anticipates ROW will seek to elicit from witnesses at trial, given ROW's concessions in its Response and the fact that it has not shown that any of its potential witnesses are qualified to so opine, the Court **GRANTS** the Motion in Limine to the extent it seeks to prohibit ROW from eliciting any opinions from its witnesses regarding shortcomings with the original design, engineering or manufacture of the chippers. The Court **DENIES without prejudice**, however, the Motion in Limine as it concerns trial testimony about repairs. Without the context of trial, the Court simply cannot rule on issues regarding the foundation for admitting lay opinion testimony concerning repairs. This is particularly true because one of the major issues for the jury to assess is whether and to what extent Terex was expected to *repair* or replace the chippers. There is evidence that ROW employees were, at times, involved in determining whether repairs were necessary and undertaking some repairs. The Court emphasizes that this ruling does not preclude Terex from raising Rule 701 objections at trial.

**III.    Terex's Motion to Exclude Testimony on Operation and Repair of Chippers (Doc. 84)**

In its Motion in Limine to Exclude Testimony on the Operation and Repair of the Chippers, Terex moves the Court to prohibit John James from testifying at trial about repairs made to the chippers, on the grounds that he allegedly has no first-hand knowledge on that topic, and to prohibit James and two other witnesses from testifying about "operation" of the chippers as none of them ever operated the chippers and they thus lack any firsthand knowledge on that topic. (Doc. 84.) Terex argues that any such testimony would necessarily be based on hearsay.

In its Response, ROW provides various examples of potential testimony from James and the two other individuals that could fall within the "repair of chippers" or "operation of chippers" categories but that would not necessarily be premised upon hearsay or speculation. Without the context of trial, the Court simply cannot determine whether certain testimony actually constitutes hearsay (to which no exception applies), whether the foundation for admitting the particular testimony has or has not been laid, and other similar considerations governing admissibility. Moreover, Terex's Motion sweeps so broadly that granting the Motion would likely result in the exclusion of admissible testimony. Thus, the Court declines to enter a blanket order barring any witnesses from testifying about repairs made to the chippers or the operation of the chippers, and the Court therefore **DENIES** the Motion in Limine on this topic, (doc. 84), **without prejudice** to Terex raising any such objections to specific testimony at trial.

**IV.    ROW'S Motion in Limine (Doc. 97)**

    **A.    The Limited Remedy in the Standard Warranty**

In the Part 1 of its Motion in Limine, ROW seeks an order prohibiting Terex from arguing to the jury that "it may only be held liable, if at all, for the cost of repair or replacement under the warranty." (Id. at p. 2.) The Court has recently ordered additional briefing from the parties that

could impact its ruling on this part of ROW's Motion in Limine. As a result, the Court **DEFERS** its ruling on Part 1 of ROW's Motion in Limine.

### B. Testimony from John Pauley and Mike Boeneman on the Chippers' Design

In Part 2 of its Motion in Limine, ROW "seeks to prevent [Terex witnesses John] Pauley and [Mike] Boeneman from providing any testimony about the design of the chippers" on the ground that "[t]he design of the chippers is a matter of expertise" yet "these witnesses were never disclosed as experts until" just recently (after the close of discovery). (Doc. 97.) ROW further notes that Terex has refused to permit ROW to depose these individuals since their recent disclosure of them.

In its Response, Terex states that neither Pauley nor Boeneman have ever been identified as *expert* witnesses in this case, and that both individuals were disclosed early on in this litigation as persons with knowledge regarding the issues of the case and that ROW simply chose not to depose them. (Doc. 100, pp. 3–4.) According to Terex, Pauley has personal knowledge of the design of the at-issue chippers, while Boeneman has personal knowledge of the manufacture of the at-issue chippers, as well as "certain repairs, and certain of the designs for the chippers." (Id. at p. 3.) Terex states that both individuals are "anticipated to testify regarding" these topics, and it urges that there is "no reason to prevent either witness from testifying as to their personal knowledge of the design of the [at-issue c]hippers" and "no basis to exclude possible lay opinions from either [witness] regarding design of the chippers." (Id. at pp. 3, 5.) Terex does not, however, set forth any of the opinions either witness is expected to provide regarding the design, manufacture or repairs of the chippers.

As Terex points out in its Response, lay witness testimony is governed by Fed. R. Evid. 701, which provides that opinion testimony from a non-expert is only admissible if it is: "(a)

8

rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Civ. P. 701. While the Rule permits lay witnesses to "offer an opinion on the basis of relevant historical or narrative facts that the witness has perceived," MCI Telecomms. Corp. v. Wanzer, 897 F.2d 703, 706 (4th Cir. 1990) (quoting Teen–Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399, 403 (3d Cir. 1980)), it generally does "not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." Randolph v. Collectramatic, Inc., 590 F.2d 844, 846 (10th Cir. 1979). A critical distinction between Rule 701 and Rule 702 testimony is that expert witness opinion testimony *must* be based on "scientific, technical, or other specialized knowledge," skill or education that is not in the possession of the jurors, while lay opinion testimony may *not* be so based. Rule 701's most recent substantive amendment was undertaken in 2000. The Advisory Committee Notes regarding the 2000 amendments state the following:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson.

Fed. R. Evid. 701, Advisory Committee Notes, 2000 Amendments (citations omitted).

In sum, Pauley and Boeneman, as lay witnesses, are permitted under Rule 701 to offer testimony regarding the design, manufacture or repair of the chippers *but only so long as* that testimony is rationally based on their first-hand perceptions, helpful to clearly understanding their testimony or to determining a fact in issue, and not based on scientific, technical, or other

9

specialized knowledge within the scope of Rule 702.  Accordingly, the Court **DENIES** ROW's broad request for an order preventing Pauley and Boeneman from "providing any testimony about the design of the chippers."  (Doc. 97.)  This ruling does not, however, preclude ROW from raising objections to specific testimony based on Rule 701, as appropriate, if and when Pauley and Boeneman testify at trial.

## CONCLUSION

For all the foregoing reasons, the Court **GRANTS IN PART, DENIES IN PART** and **DEFERS ITS RULING IN PART** Terex's Motion in Limine to Exclude Previously Unidentified Witnesses, (doc. 82); **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** Terex's Motion in Limine to Exclude Lay Opinions, (doc. 83); and **DENIES WITHOUT PREJUDICE** Terex's Motion in Limine to Exclude Testimony on the Operation and Repair of the Chippers, (doc. 84).  As to ROW's Motion in Limine, the Court **DEFERS ITS RULING** as to Part 1, and **DENIES** Part 2 of that Motion, (doc. 97).

**SO ORDERED**, this 21st day of November, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA