**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| ROW EQUIPMENT, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO: 5:16-cv-060-RSB |
| | ) |
| TEREX USA, LLC d/b/a TEREX | ) |
| ENVIRONMENTAL EQUIPMENT, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**PLAINTIFF'S MOTION TO DEFER DETERMINATION OF COSTS AND**
**RESPONSE IN OPPOSITION TO DEFENDANT'S BILL OF COSTS**

Plaintiff ROW Equipment, Inc., hereby submits its objection to Defendant Terex

USA's bill of costs under Fed. R. Civ. P. 54 and S.D. Ga. L.R. 54.1. The Court should

defer its decision on Defendant's bill of costs until disposition of Plaintiff's motion for a

new trial (Doc. 171) and any appeal that may follow. Apart from that, $5,701 of

Defendant's $12,321.80 in requested costs are not recoverable under Rule 54 and 28

USC § 1920.

**INTRODUCTION**

In this case ROW brings claims against Defendant for breach of warranty on two

commercial wood chippers purchased from Defendant. In December 2019, the case was

tried before a jury, which found in favor of the Defendant. In February 2020, ROW filed

its motion for a new trial, Defendant responded, and the motion is pending. (Docs. 171,

179). In the meantime, Defendant has asked the Court to tax costs of litigation against

ROW under Fed. R. Civ. P. 54(d)(1) and S.D. Ga. L.R. 54.1. (Doc. 172).

The Court should deny Defendant's requested relief for two reasons. First, the Court has not yet ruled on Plaintiff's motion for a new trial, Doc. 171. The Court should delay awarding fees until a party fully and finally prevails. Accordingly, ROW asks the Court to defer ruling on Defendant's request for Rule 54 taxable costs.

To the extent the Court does not defer ruling on this request, Defendant has not met its burden to show that the costs it seeks were necessarily obtained for use in this case pursuant to 28 USC § 1920. Defendant should recover nothing for failure to meet its burden. Further, Defendant requests costs that are not taxable because they were not necessary–rather, they appear to be merely convenient for Defendant's counsel. To the extent the Court does not deny Defendant's request outright, the Court should excise the non-taxable costs of $5,701.00.

## ARGUMENT & CITATION OF AUTHORITY

**a.  The Court should defer adjudication of Defendant's bill of costs until disposition of Plaintiff's motion for a new trial and any appeal that may follow.**

Rule 54 only allows costs to be taxed against a prevailing party. Fed. R. Civ. P. 54(d)(1). While Defendant may qualify for now as a prevailing party under Fed. R. Civ. P. 54, there is no automatic entitlement to an award.  "Rule 54(d)(1) provides for cost shifting *unless* a court orders otherwise.  The Court thus has discretion to grant or deny costs." *Morales-Arcadio v. Shannon Produce Farm, Inc.*, 2008 U.S. Dist. LEXIS 74926, *4 (S.D. Ga. Sept. 29 2008) (internal citations omitted).

Further, as ROW showed in its motion for a new trial, Doc. 171, Defendant's status as a prevailing party is subject to change. Federal courts in Georgia have previously deferred ruling on pending bills of cost until an appeal was complete. *See,*

*e.g., YKK Corp. v. Velcro USA Inc.*, No. 5:13-cv-306 (LJA), at \*3 (M.D. Ga. Sept. 14,

2018); *see also U.S. ex rel. Lewis v. Walker*, No. 3:06-CV-16 CDL, 2010 WL 5169085, at

\*1 (M.D. Ga. Dec. 13, 2010) (collecting cases).

The Court need not sort through the disputed areas of the Bill of Costs if

Defendant's status as the prevailing party may change on appeal. It should defer

resolution of Defendant's Bill of Costs until disposition of Plaintiff's motion for a new

trial and any appeal that may follow.

> **b.      The Court should exclude the non-compensable items, totaling $5,701, from Defendant's bill of costs.**

Defendant's bill of costs claims the right to reimbursement of several costs not

compensable under the statutory scheme . The Court should deny those requests. 28

USC § 1920 demarcates the narrow categories of costs that are recoverable under Fed. R.

Civ. P. 54. That statute, in its entirety, allows the following categories of costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily
> obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any
> materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; [and]
> (6) Compensation of court appointed expert, compensation of interpreters,
> and salaries, fees, expenses, and costs of special interpretation services
> under section 1828 of this title.

28 USC § 1920. In taxing costs under Rule 54(d)(1), the court may tax only those costs

explicitly authorized by statute, and only for the amounts so authorized. *Crawford*

*Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987).

As the U.S. Supreme Court has noted in denying recovery for costs beyond the

items Section 1920 enumerates, "[o]ur decision is in keeping with the narrow scope of

taxable costs. Although 'costs' has an everyday meaning synonymous with 'expenses,'
the concept of taxable costs under Rule 54(d) is more limited and represents those
expenses, including, for example, court fees, that a court will assess against a litigant."
*Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (some internal quotation
marks omitted). "Taxable costs are limited to relatively minor, incidental expenses as is
evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses
for printing and witnesses, expenses for exemplification and copies, docket fees, and
compensation of court-appointed experts. Indeed, the assessment of costs most often is
merely a clerical matter that can be done by the court clerk." *Id.* (internal quotation
marks omitted).

When it is doubtful whether fees are necessary to prosecution of the case or are
"convenience" costs, the party seeking those fees must show their necessity. *See Kidd v.
Mando Am. Corp.*, 870 F. Supp. 2d 1297, 1299 (M.D. Ala. 2012) (placing burden on
party seeking such fees). With these parameters in mind, ROW turns to Defendant's
overbroad request for costs.

> 1.    *Defendant's costs for copies cannot be recovered, as nothing show they*
>        *were for anything other than counsel's convenience.*

Defendant requests $5,451.00 for what appears to be every single copy it made in
this case. (Grotta Declaration, Doc. 172-1, ¶ 9). "A court may disallow photocopying
costs where the prevailing party does not present evidence regarding the documents
copied, including how they were used or intended to be used in the case. While the court
must ask whether the prevailing party could have reasonably believed it was necessary to
copy the papers at issue, copies obtained for the convenience of counsel are not

recoverable." *Jackson v. Jump*, No. CV 212-135, 2014 WL 10558844, at *10 (S.D. Ga. Sept. 30, 2014) (Citations omitted). Specifically as to copies of documents, "[a] prevailing party may be reimbursed for the cost of photocopying attributable to discovery if the charges are for copies of pleadings, correspondence, and other documents tendered to the [opposing party]." *Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Am. Ins. Co.*, 143 F.R.D. 292, 299 (N.D. Ga. 1991) (internal quotation marks omitted). "Copies made solely for the convenience, preparation, research, or for the records fo counsel are not recoverable. In addition, extra copies of filed papers and pleadings and documents in the copying parties' possession are considered to be for the convenience of counsel only and are not taxable. The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied including how they were used or intended to be used in the case." *Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997) (citations and internal quotation marks omitted).

Defendant's Summary Cost Transaction File List, ostensibly showing defense counsel's copying costs in this case, provides no information about *what* was copied. (Doc. 172-6). Accordingly, there is no way for the Court or anyone else to know whether the copies were necessarily obtained for use in this case, rather than solely for counsel's convenience. Some of these copies, for example, may include those of Defendant's own documents, the costs of which are not taxable. *Fulton*, 143 F.R.D. at 299 ("However, charges for copies of original documents possessed by the prevailing party are not taxable."). Thus, Defendant's bill of costs should be reduced by the amount of its alleged copying costs, $5,451.00.

2. *Fees for specific file types and for video conference technology cannot be recovered.*

Defendant cannot recover the cost of e-transcripts, condensed transcripts, or ASCII transcripts of depositions. Federal courts have noted that fees for e-transcripts and "scrunch" copies of depositions are essentially convenience fees and have not awarded those fees. *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 450 (W.D. Tex. 2010), *aff'd sub nom.*, *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470 (5th Cir. 2012). The *Gonzalez* court noted that, "[w]hile these resources were undoubtedly useful in the drafting of motions and preparation for trial, the Court finds that they were primarily a convenience to the parties and costs will not be taxed for ASCII, 'E-Transcripts,' or 'scrunch.'" *Id.*; *see also, e.g.*, *Kidd*, 870 F. Supp. 2d at 1299 (disallowing costs of "rough ASCII transcripts, condensed deposition transcripts, and a depo drive" because "Defendant's brief does not make it clear whether these costs were necessary costs or convenience costs"). ROW thus asks the Court to disallow the requested costs of an e-transcript of the deposition of Kristopher Snyder (Doc. 172-4, p. 11) and an ASCII or condensed copy of the deposition of Barry DeLau II (Id., p. 13).

Further, federal courts have precluded recovery for use of video conference technology. In *Mims v. Arrow Fin. Servs., LLC*, 900 F. Supp. 2d 1336, 1338-39 (S.D. Fla. 2012), the court disallowed taxation of the costs of using a videoconferencing system. Thus, ROW requests that the Court preclude Defendant from taxing its videoconferencing fees incurred in connection with one of its three depositions of John James. (Doc. 172-4, p. 15).

## CONCLUSION

Defendant has requested several costs under Rule 54(d)(1) that are not compensable. The Court should decline to award those convenience costs, for which the statutory scheme does not permit recovery. At this time, however, the Court need not decide this dispute at all–rather, it should wait for disposition of Plaintiff's motion for a new trial and any appeal that may follow. Plaintiff ROW thus requests that the Court (1) defer adjudication of Defendant's bill of costs; or, in the alternative, (2) deny costs in their entirety based on this record, or (3) at a minimum, reduce the amount of taxable costs by $5,701.00.

Respectfully submitted this 28th day of February, 2020.

/s/ **Samuel L. Mikell**
Brent J. Savage
Georgia Bar No. 627450
Samuel L. Mikell
Georgia Bar No. 241146

*Attorneys for Plaintiff Row Equipment, Inc.*

SAVAGE TURNER DURHAM PINCKNEY & SAVAGE
102 E. Liberty Street, 8th Floor
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140
fax: (912) 232-2412
smikell@savagelawfirm.net