IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ROW EQUIPMENT, INC., | |
| Plaintiff, | CIVIL ACTION NO.: 5:16-cv-60 |
| v. | |
| TEREX USA, LLC d/b/a TEREX ENVIRONMENTAL EQUIPMENT, | |
| Defendant. | |

**O R D E R**

Plaintiff ROW Equipment, Inc. sued Defendant Terex USA, LLC, seeking damages for its purchase of wood chippers that Plaintiff contended were faulty, frequently malfunctioned, and were never properly repaired or replaced by Defendant. The Court held a jury trial in this case commencing on December 10, 2019, and, on December 13, 2019, the jury found in favor of Defendant on all claims, (doc. 168). The Court subsequently entered judgment in favor of Defendant pursuant to the jury's verdict, (doc. 170), and, on February 14, 2020, Plaintiff filed a Motion for New Trial pursuant to Federal Rule of Civil Procedure 59, (doc. 171). In that Motion, Plaintiff noted that the trial transcript was not yet prepared and stated that it would supplement its Motion once the trial transcript became available. (Id. at pp. 2 n.1; 9.) The trial transcript was filed in this case on February 18 and 19, 2020. (Docs. 173–177.) While Defendant filed a Response to the Motion, (doc. 179), the Court granted Defendant leave to file an additional response after Plaintiff supplemented its Motion with record citations, (doc. 182). However, Plaintiff has not supplemented its Motion with citations to the transcript.

As Plaintiff acknowledged in its Motion, (doc. 171, pp. 2 n.1; 9), and Defendant contended in its Response, (doc. 179, p. 1), a party must ordinarily cite to portions of the trial transcript in order to obtain the extraordinary relief of a new trial. See Carlton v. C.O. Pearson, 384 F. Supp. 3d 382, 386–87 (W.D.N.Y. 2019) ("Generally speaking, specific reliance upon the trial transcript is necessary to demonstrate one's entitlement to relief on a Rule 59 motion based upon determinations made at trial. Thus, to the extent Plaintiff's motion is based upon any perceived infirmity in the Court's rulings at trial, his failure to rely upon any aspect of the trial transcript is fatal to his assertions.") (citations omitted); Bumpers for Estate of Bumpers v. Austal U.S.A., L.L.C., No. CV 08-00155-KD-N, 2015 WL 13664949, at *2 (S.D. Ala. June 1, 2015) ("To the extent Plaintiffs wished to argue any particular objections as grounds for a new trial, they should have done so specifically in their motions with citations to the record in support."). Though the filing of the official transcript was noticed in this case nearly four months ago, Plaintiff has not supplemented its Motion or otherwise acknowledged its obligation to provide citations to the record in support of its arguments. Thus, the Court **ORDERS** Plaintiff to supplement its Motion for New Trial with citations to the trial transcript within **twenty-one (21) days** of the date of this Order. Defendant shall have **fourteen (14) days** from the filing of Plaintiff's supplement to file any Response.

Additionally, Plaintiff has moved to defer the determination of costs until disposition of the Motion for New Trial and any appeal that may follow. (Doc. 181.) Defendant has responded that it does not oppose this request. (Doc. 183.) Consequently, the Court **GRANTS** Plaintiff's Motion to Defer Costs, (doc. 181), and the Court will reserve ruling on Defendant's Bill of Costs,

(doc. 172), at this time.  The Court issues no ruling on the objections to Defendant's claimed costs that Plaintiff raises in its Motion, (doc. 181, pp. 3–6).

**SO ORDERED**, this 3rd day of June, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA