IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ROW EQUIPMENT, INC., | |
| Plaintiff, | CIVIL ACTION NO.: 5:16-cv-60 |
| v. | |
| TEREX USA, LLC d/b/a TEREX ENVIRONMENTAL EQUIPMENT, | |
| Defendant. | |

**O R D E R**

Plaintiff Row Equipment, Inc. ("Row" or "Plaintiff") sued Defendant Terex USA, LLC, d/b/a Terex Environmental Equipment ("Terex" or "Defendant") seeking damages after purchasing wood chippers that Plaintiff contended were faulty, frequently malfunctioned, and were never properly repaired or replaced by Defendant. (Doc. 24.) In December 2019, the Court held a jury trial, and the jury ultimately returned a verdict in favor of Defendant on all claims. (Doc. 168.) Pursuant to that verdict, the Court entered judgment in favor of Defendant. (Doc. 170.) Plaintiff filed a Motion for New Trial, (doc. 171), which the Court denied, (doc. 187). After Defendant filed a Bill of Costs, (doc. 172), Plaintiff filed a notice of appeal, (doc. 188). The Eleventh Circuit Court of Appeals has affirmed the verdict. (Doc. 193.) Presently before the Court are Defendant's Bill of Costs, (doc. 172), and Plaintiff's Response in Opposition thereto. (Doc. 180.)

**STANDARD OF REVIEW**

Defendant, as the prevailing party in this litigation, is entitled to recover certain costs as a matter of course pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. The costs that may be taxed against a non-prevailing party are defined in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in Section 1920 and may not tax costs that are not listed in that section. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

While it is generally the non-prevailing party's burden to demonstrate that a challenged cost is not taxable under Rule 54, see Davis v. Williams, No. 5:08-cv-41, 2010 WL 1955935, at *1 (S.D. Ga. May 13, 2010), there are certain instances where the prevailing party must demonstrate that the fees were necessary and thus recoverable.  For instance, the party moving for the taxation of costs of photocopies must present evidence to prove that those were "necessarily obtained for use in the case" as required by 28 U.S.C. §1920(4).  See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (the party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use"); Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) ("As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary.").  Similarly, where the prevailing party seeks to recover charges that it incurred by ordering multiple transcripts for a deposition, or that it incurred by choosing to take

a deposition via videoconference in lieu of appearing for it in person, the prevailing party must show why it was necessary for it to obtain such services and incur additional fees.

## DISCUSSION

According to its Bill of Costs, Defendant seeks to recover a total of $12,321.80 in fees, which is comprised of the following: $400 for fees of the Clerk; $272 for fees for service of summons and subpoena; $6,128.80 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; $70 for fees for one witness (Benjamin Sessoms); and $5,451 for fees for exemplification and the costs of making copies of materials where the copies were necessarily obtained for use in the case. (Doc. 172, p. 1.) In support of this request, Defendant included with its Bill of Costs the Affidavit of Jeff C. Grotta, one of its attorneys in this matter. (Doc. 172-1.) In his affidavit, Grotta states, generally, that "[a]ll costs [requested] . . . were necessarily incurred in this case." (Id. at p. 1.) Grotta then outlines the numerous receipts, invoices and other documentation attached as exhibits to his affidavit, which are provided as evidence to support the requested fees. (Id. at pp. 1–2.)

Plaintiff appears to argue that the Court should deny Defendant's request for costs outright because "Defendant has not met its burden to show that the costs it seeks were necessarily obtained for use in this case." (Doc. 180, p. 2 ("Defendant should recover nothing for failure to meet its burden.").) Plaintiff, however, has not pointed the Court to any authority requiring a prevailing party to prove the necessity of each and every fee for which it seeks reimbursement pursuant to 28 U.S.C. § 1920; instead, Section 1920, by its clear language, only requires a showing of necessity relating to "[f]ees for printed or electronically recorded transcripts" and "[f]ees for exemplification and the costs of making copies of any materials." 28 U.S.C. §1920(2) & (4). In contrast, the statute does not indicate that any showing of necessity must be made in order to recover for, *inter*

*alia*, fees of the clerk and marshal, fees and disbursements for printing and witnesses, or docket fees under section 1923. Accordingly, the Court declines Plaintiff's invitation to deny the taxation of costs outright for failure to show that each and every requested fee was necessarily incurred.

Plaintiff also argues that, to the extent the Court does not deny the taxation of costs outright, the Court should excise $5,700.00 of the claimed costs because they constitute non-taxable expenses. (Doc. 180, p. 2–3.) Specifically, Plaintiff challenges Defendant's request for $5,451.00 as reimbursement for "fees for exemplification and the costs of making copies of materials," the request for $50.00 as reimbursement for "an e-transcript of the deposition of Kristopher Snyder," the request for $49.00 as reimbursement for "an ASCII or condensed copy of the deposition of Barry DeLau II," and the request for $150.00 for "videoconferencing fees incurred in connection with one of [Defendant's] three depositions of John James."[1] (Id. at pp. 5–6 (internal citations omitted); see also doc. 172-4, pp. 11, 13. 15.)

### I.     Copying Costs

Defendant requests $5,451.00 for copying costs. In support of that request, Grotta attached to his affidavit copies of his law firm's "Summary Cost Transaction File Lists for regular copies and color copies." (Doc. 172-1, p. 2; doc. 172-6.) The exhibit is a very basic two-page document, with the first page stating little more than that the total billable amount "for Tcode 33" is "2,987.00" for "copies," and the total billable amount "for Tcode 58" is "2,464.00" for "color copies." (Doc. 172-6, pp. 1–2.) (While 2,987.00 and 2,464.00, added together, total 5,451.00—which is the dollar amount Defendant has requested for copying costs—neither the face of this document nor the affidavit indicates exactly how many copies Defendant seeks to recover the costs of and/or the cost per copy that Defendant paid.) In the affidavit, Grotta's only testimony on this

---

[1] In its Response in Opposition, Plaintiff claims that the total of these charges is $5,701.00, but the Court has calculated them at one dollar less than that amount. (Doc. 180, p. 2.)

topic is that "[a]ll of the copy and exemplification costs incurred by Defendant were necessarily obtained for use in the case . . . ."  (Doc. 172-1, p. 2.)  Plaintiff objects to the taxation of this category of costs because, it claims, Defendant failed to provide evidence showing that the copies were necessarily made and not merely for the convenience of counsel.  (Doc. 180, p. 4.)

"In general, the prevailing party can recover the costs of making copies of documents, pleadings, discovery, and exhibits tendered to the opposing party or submitted to the court for consideration."  Autry Petroleum Co. v. BP Prods. N. Am., No. 4:05-cv-113, 2010 WL 3239010, at *2 (M.D. Ga. Aug. 16, 2010) (quoting Brewer–Giorgio v. Bergman, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997)).  However, "[c]opies made solely for the convenience, preparation, research, or for the records of counsel are not recoverable," id. (citing Brewer–Giorgio, 985 F. Supp. at 1485), nor are costs "for copies of original documents possessed by the prevailing party," Scottsdale Ins. Co. v. Wave Techs. Commc'ns, Inc., No. 8:07-cv-1329-T-30MAP, 2012 WL 750317, at *3 (M.D. Fla. Mar. 7, 2012).

Accordingly, the prevailing party must provide information regarding the copies charged so the Court will be able to determine the purpose of the copies, whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue.  Monelus, 609 F. Supp. 2d at 1335 (citing Lee v. Am. Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335–36 (S.D. Fla. 2000) (denying copying costs where prevailing party failed to provide description of copies, including why rates paid were reasonable or how expenses related to case)).  While the prevailing party need not provide "an accounting for each photocopy," it must provide "evidence showing the nature of the documents copied and how they were used."  Dillon v. Axxsys Int'l, Inc., No. 8:98-cv-2237-T-23TGW, 2006 WL 3841809, at *7 (M.D. Fla. Dec. 19, 2006).  A court may disallow photocopying costs where the prevailing party fails to make the necessary showings.

5

Jackson v. Jump, No. 2:12-cv-135, 2014 WL 10558844, at *10 (S.D. Ga. Sept. 30, 2014); see also Cullens, 29 F.3d at 1494 ("The [district] court did not err in disallowing the photocopying costs. Plaintiffs did not present required evidence regarding the documents copied including their use or intended use."); Nail v. Shipp, No. 17-00195-KD-B, 2020 WL 1670459, at *16 (S.D. Ala. Apr. 3, 2020) (denying request for costs for copying/printing due to lack of explanation or description for the costs to permit the court to assess whether they were reasonable and necessary); Ferguson v. Bombardier Servs. Corp., No. 8:03-cv-539-T-31DAB et al., 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007) (copies of checks paid to copy service companies without explanation of underlying charges were not sufficient to show the copies were "necessarily obtained for use in the case").

Here, Defendant has not provided the Court with any information about the documents that it claims it had to copy. Indeed, it has not even made clear the number of copies for which it seeks reimbursement and/or the cost it incurred per copy. The Court cannot rely on Grotta's barebones and conclusory assurance that the copies were "necessarily obtained," and Defendant declined to file anything in reply to Plaintiff's Response challenging this category of costs. Accordingly, the Court has no basis for determining that even a single copy was necessary and reasonable, and the Court must find that Defendant's costs for copying documents are not compensable under 28 U.S.C. § 1920 and Rule 54(d). The Bill of Costs will be reduced accordingly.

## II. Deposition-Related Costs

As to the deposition-related costs, Plaintiff only challenges three specific charges: (1) a $50 charge for the e-transcript of the deposition of Kristopher Snyder; (2) a $49 charge for an ASCII or condensed copy of the transcript of Barry DeLau II's deposition; and (3) a $150 charge for videoconferencing fees incurred by Defendant during one of its three depositions of John James. (Doc. 180, p. 6 (internal citations omitted).) According to Defendant, the first two items

6

are "essentially convenience fees" that should not be taxed because they were not necessary, while the third item should be deemed not taxable by this Court because at least one other district court in the Eleventh Circuit has precluded recovery of the cost of use of "video conference technology" where it was not shown to have been necessary. (Id.)

The invoices relating to Snyder and DeLau's depositions indicate that the at-issue items (the e-transcript and the ASCII or condensed copy of the transcript) were ordered in addition to the standard transcript for each deposition. Even assuming these types of transcripts qualify as "[f]ees for printed or electronically recorded transcripts," Defendant has not articulated any basis for finding that they were "necessarily obtained for use in the case" (rather obtained as a convenience), particularly considering that Defendant also paid for standard transcripts of those depositions. See 28 U.S.C. § 1920(2). Because Defendant's initial filing did not provide any indication as to why these additional transcripts were necessary, once Plaintiff objected to the request for their taxation, the burden was on Defendant to show why the objection fails. Defendant provided nothing in reply, however, and the Court is left with no basis for finding the additional transcripts were "necessarily obtained," as required pursuant to Section 1920(2). Accordingly, the Court finds the $99.00 paid for DeLau's e-transcript and the ASCII or condensed copy of Snyder's deposition transcript are not taxable. See Kidd v. Mando Am. Corp., 870 F. Supp. 2d 1297, 1299 (M.D. Ala. 2012) ("In the absence of a showing by the Defendant as to the necessity of what appear to be convenience costs included in its Bill of Costs, this court finds, as others have, that those costs are not taxable pursuant to 28 U.S.C. § 1920(2)."); Woods v. Deangelo Marine Exhaust Inc., No. 08–81579–Civ., 2010 WL 4116571, at *8 (S.D. Fla. Sept. 27, 2010) ("In this Court's experience, it is customary for stenographer's invoices to include additional expenses for services such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping. Where

such extra services are only for the convenience of counsel, they are not reimbursable."); Am. Guar. & Liab. Ins. Co. v. U.S. Fid. & Guar. Co., No. 4:06CV655RWS, 2010 WL 1935998, at *7 (E.D. Mo. May 10, 2010) ("I will also reduce the Bill of Costs by $121.25 for the rough draft and electronic transcript because such costs were for the convenience of the attorneys and were not 'necessarily obtained for use in the case' as required by § 1920."). The Bill of Costs will be reduced accordingly

Similarly, as for the video conferencing utilized for the third deposition of James, in the absence of any explanation from Defendant as to why videoconferencing was necessary,[2] the Court concurs with the reasoning of other district courts that "[t]he costs of conducting a deposition by videoconference are analogous to [attorney] travel costs, which are not recoverable under 28 U.S.C. § 1920." Sanford v. Portfolio Recovery Assocs., No. 12-cv-11526, 2013 WL 5476272, at *3 (E.D. Mich. Oct. 2, 2013); see also Realty Int'l Assocs. v. Capital Fund Sec., No. 1:12-CV-0116 RB/WPL, 2015 WL 10990358, at *7 (D.N.M. July 22, 2015) (same); Mims v. Arrow Fin. Servs., 900 F. Supp. 2d 1336, 1339 (S.D. Fla. 2012) ("Given that the conferencing system provides a substitute for travel to a physical venue, it is akin to travel expenses, which are not taxable under § 1920.") (citing Mock v. Bell Helicopter Textron, Inc., 456 F. App'x 799, 802 (11th Cir. 2012); Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540, 1546 (S.D. Fla. 1991), affirmed, 961 F.2d 174 (11th Cir. 1992)). Accordingly, the $150.00 videoconference fee for the October 18, 2017, deposition of John James cannot be taxed, and the Bill of Costs will be reduced accordingly.

---

[2] According to the invoice, this deposition was conducted on October 18, 2017, and thus there is no possibility that videoconferencing was used as a precaution (or a necessity) due to the COVID-19 pandemic, which did not begin impacting the United States until long after the deposition. Instead, it is more likely that this deposition of James (who resided in Georgia at the time litigation was ongoing) was taken via videoconference as a convenience to defense counsel, whose firm is based in Oklahoma. (See doc. 172-4, p. 15 (invoice addressed to defense counsel in Oklahoma City, Oklahoma).)

**CONCLUSION**

For all the foregoing reasons, Plaintiff's Objection to Defendant's Bill of Costs is **SUSTAINED in part** and **OVERRULED in part**. (Doc. 180.) Plaintiff's objections concerning Defendant's request for $5,451.00 as reimbursement for fees for exemplification and the costs of making copies of materials, the request for $50.00 as reimbursement for an e-transcript of the deposition of Kristopher Snyder, the request for $49.00 as reimbursement for an ASCII or condensed copy of the deposition of Barry DeLau II, and the $150.00 videoconference fees associated with the deposition of John James are **SUSTAINED**. The objections to all other costs listed in Defendant's Bill of Costs are **OVERRULED**. The Clerk of Court is **DIRECTED** to enter an amended Bill of Costs as follows:

| | |
|---|---|
| Fees of the Clerk | $400.00 |
| Fees for service of summons and subpoena | $272.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $5,879.80 |
| Fees for one witness (Benjamin Sessoms) | $70.00 |
| TOTAL | $6,621.80 |

**SO ORDERED**, this 18th day of January, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA